IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE RHYNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:05cv0524-VPM |
| | ) [WO] |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION**

Pending before the court is the plaintiff's ["Rhynes"] motion for attorney fees pursuant to the Equal Access to Justice Act (Doc. # 19). Rhynes originally sought an award of fees in the amount of $4,007.68, representing 25.6 attorney hours at a rate of $156.55 per hour. *Id.* The defendant ["Commissioner"] responded by informing the court that the parties had agreed to a reduced fee award of $3,500, and, pursuant to a subsequent order, the plaintiff informed the court that he had agreed to waive $507.68 of the amount requested and amended his original motion to seek a total of $3,500 (Doc. # 25).

Because the plaintiff has not correlated the reduced award sought to a reduced hourly fee or time computation, the court will review the basis for the original request to determine whether that amount was reasonable. If so, the reduced amount would necessarily be reasonable as well. If not, the court will determine whether the amended request is sufficiently reduced.

I.   DISCUSSION

On 10 May 2006, the court entered an order reversing and remanding a final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) (2004). Thus, the plaintiff is the prevailing party, and the court finds that the government's position was not substantially justified. In addition, the plaintiff's application for fees, which was filed within thirty days after the deadline for appealing the court's judgment, was timely. All that remains for the court to consider is the amount to award. 28 U.S.C. § 2412(d) (2004).

A.   *The Appropriate Hourly Rate*

The EAJA establishes a fee cap of $125 per hour, which the court may adjust upward to account for inflation or other "special factor[s]". *Id.* at § 2412(d)(2)(A). To determine the appropriate amount, courts in the Eleventh Circuit must engage in a two-step analysis. **Meyer v. Sullivan**, 958 F.2d 1029, 1033 (11th Cir. 1992). First, the court must determine whether "prevailing market rates for the kind and quality of the services furnished" exceeds the $125 cap. *Id.* If so, the court may determine whether an upward adjustment is necessary.

The court finds that the prevailing market rate for the plaintiff's attorney's services are well above both the statutory ceiling and the amount the plaintiff is actually seeking. Furthermore, the court takes judicial notice of opinions that have approved similar fees in this area. *See*, *e.g.*, **East v. Barnhart**, No. 3:04cv624, 2005 WL 1703102 (M.D. Ala. July 18, 2005) ($151.13); **Thornton v. Barnhart**, No. 03cv683 (M.D. Ala. May 3, 2005) ($191); **Ballard v. Barnhart**, 329 F. Supp. 2d 1278 (N.D. Ala. 2004) ($147.63). Therefore, the

hourly fee sought is reasonable.

No special factors have been alleged, but the court finds that the increase in the cost of living since the EAJA was amended in March 1996 to raise the fee cap to $125 merits an inflationary adjustment. In calculating the appropriate adjustment, however, the court must avoid imposing an impermissible interest charge on the United States. *See* ***Library of Congress v. Shaw***, 478 U.S. 310, 106 S. Ct. 2957, 92 L. Ed. 2d 250 (1986) (discussing the no-interest rule); ***Sorenson v. Mink***, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (holding that the EAJA's allowance for an inflationary adjustment was not an express waiver of sovereign immunity from interest charges); ***Kerin v. U.S. Postal Svc.***, 218 F.3d 185, 194 (2d Cir. 2000) (same); ***Masonry Masters, Inc. v. Nelson***, 105 F.3d 708, 710-714 (D.C. Cir. 1997) (same); ***Marcus v. Shalala***, 17 F.3d 1033, 1038-40 (7th Cir. 1994) (same); ***Perales v. Casillas***, 950 F.2d 1066 (5th Cir. 1992); ***Chiu v. U.S.***, 948 F.2d 711, 719-22 (Fed. Cir. 1991); *see also* ***U.S. v. Aisenberg***, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004).

Adjusting for the errors in Rhynes's counsel's calculations,[1] the requested hourly fee reflects a base rate of $125 per hour with an adjustment based on the Consumer Price Index ["CPI"] for All Urban Consumers in June 2005, when the CPI was 194.5 (Doc. # 20-1, p. 4)

---

[1]Rhynes's brief in support of the motion states as follows:

> The Consumer Price Index. [sic] ("CPI") in March of 1996 was 155.7 [sic]  The June, 2005 figure of 194.5 represents an increase of 25% from the March 1996 figure (184.2 [sic] minus 155.7 equals 39.3 [sic]; 39.3 divided by 155.7 equals .2524).

(Doc. # 20-1, p. 4). Actually, the difference between the March 1996 CPI and the CPI in June 2005 represents an increase of 24.92%, not 25.24%. That is because 194.5 minus 155.7 equals 38.8, not 39.3.

and when plaintiff's counsel began accounting for her time.  *See* United States Department of Labor, Bureau of Labor Statistics, *Consumer Price Index*, http://www.bls.gov/cpi/home.htm. *Id.*  Therefore, granting the hourly fee requested, as corrected, i.e. $156.15 (as opposed to $156.55), would not result in an impermissible charge of interest against the United States. ***East***, 2005 WL 1703102, at *5 (concluding that the inflationary adjustment should be based on the CPI for the month in which counsel began accounting for his or her services in a particular case).  Therefore, $156.15 is an appropriate hourly fee.

### B. *Allocation of Attorney Time*

> Fee applicants must exercise what the Supreme Court has termed "billing judgment." ***Hensley v. Eckerhart***, 461 U.S. 424, 434 (1983).  That means they must exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]," *id.*, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." ***Norman [v. Housing Auth. of Montgomery]***, 836 F.2d [1292,] 1301 (emphasis in original). . . .
>
> If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are "excessive, redundant, or otherwise unnecessary." Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.

***Am. Civil Liberties Union of Ga. v. Barnes***, 168 F.3d 423, 428 (11th Cir. 1999) (parallel citations omitted).

In support of the fee petition, Rhynes's counsel, Georgia H. Ludlum, Esq. ["Ludlum"]

submitted a schedule of hours detailing the 25.6 hours she claims she spent on all of the tasks associated with this case (Doc. # 21, p. 2).  Ludlum's accounting demonstrates a lack of billing judgment.

The court finds that Ludlum's charge of 1.5 hours to prepare and file a 1 ½ page, standard complaint is excessive.  Complaints and answers in Social Security cases - including those filed by Ludlum herself -  tend to be boilerplate, varying only in the case caption and perhaps some of the facts that change from plaintiff to plaintiff (Doc. # 1, ¶¶ 3, 4). Therefore the court reduces the time spent drafting and filing the complaint by half to .75 hours.

Similarly, the time allocated for reviewing the court's standard scheduling order (.15 hours), the defendant's boilerplate answer (.15 hours), and the court's one-sentence order granting leave to file a reply brief (.25)  as well as for filling in the blanks on the form consent to the jurisdiction of the Magistrate Judge (.1 hours) is also excessive and should be reduced to .05 hours each.[2]  Reduced accordingly, the total number of hours for which the court would award fees at the hourly rate of $156.15 is 24.4, an amount which would yield a fee of $3,810.06.  Having determined that $3,810.06 would have been a reasonable fee award, the reduced amount sought, $3,500 is necessarily reasonable.

---

[2] Ludlum is counsel is many Social Security cases, and it is not unlikely that her clerical or administrative assistants are well able to prepare drafts of standard documents, including complaints, and to review standard, non-specific orders to docket deadlines.

## II.   CONCLUSION

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this court that the plaintiff's amended motion for attorney fees (Doc. # 25) be GRANTED in the amount of $3,500, and the plaintiff's original motion (Doc. # 19) be DENIED as moot.

DONE this 12th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE